**Dohn B. BROADWELL and Charlotte L. Broadwell, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**Waverly C. BROADWELL and Nancy W. Broadwell, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**Nos. 72–2477, 72–2478.**

United States Court of Appeals, Fourth Circuit.

Argued April 2, 1973.

Decided April 18, 1973.

M. Alexander Biggs and Frank P. Meadows, Jr., Rocky Mount, N. C. (Biggs, Meadows & Batts, Rocky Mount, N. C., on brief), for appellants in Nos. 72–2477 and 72–2478.

Janet R. Spragens, Atty., Tax Division, U. S. Department of Justice (Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, and Paul M. Ginsburg, Attys., Tax Division, U. S. Department of Justice, and Warren H. Coollidge, U. S. Atty., on brief), for appellee in Nos. 72–2477 and 72–2478.

Before SOBELOFF, Senior Circuit Judge, and FIELD and WIDENER, Circuit Judges.

PER CURIAM:

These are actions for refund of federal income taxes. The basic question presented is the perennially thorny issue of whether the profit from the sale of an option on land is properly treated as capital gain or ordinary income.

The plaintiffs, Dohn and Waverly Broadwell, and their respective spouses opted for a jury trial. They made no objection to the instructions given the jury by the District Judge. After the jury's verdict was entered against them and in favor of the Government, the Broadwells sought to have the District Judge grant either a motion for judgment notwithstanding verdict or a motion for a new trial on the theory that evidence would not support the jury verdict. The District Judge denied these motions and the present appeal ensued.

It may well have been a strategic error for the plaintiffs to opt for a jury trial. Nonetheless, the Broadwells deliberately elected to have the fate of their claim settled by a jury. They chose to have them rather than a judge make the factual inquiry of whether the option in question was held for sale to customers in the course of the sellers' trade or business.

Thus, the only question for the court on this appeal is whether the verdict of the jury was clearly erroneous. See Tidwell v. Commissioner, 298 F.2d 864, 866 (4th Cir. 1962); Lakin v. Commissioner, 249 F.2d 781, 783 (4th Cir. 1957).

Having reviewed the record on appeal, and the briefs of both parties, we find that the Government presented evidence, which if viewed in the light most favorable to it, could support the jury's verdict. The judgment of the lower court is therefore

Affirmed.